# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * | | |
| DOUGLAS TULLIO, | * | |
| | * | No. 15-0051V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: November 10, 2021 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * | | |

Danielle A. Strait, Maglio Christopher & Toale, Seattle, WA, for Petitioner;
Dhairya D. Jani, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Douglas Tullio's motion for final attorneys' fees and costs. He is awarded **$331,503.15**.

\* \* \*

On January 20, 2015, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine he received on September 29, 2012,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

caused him to develop rheumatoid arthritis. The parties filed a series of expert reports from a total of four experts, with petitioner retaining Drs. Paul Utz and Lawrence Steinman and respondent retaining Drs. Mehrdad Matloubian and Neal Halsey. Thereafter, the parties filed prehearing briefs and an entitlement hearing was held on March 6-8, 2019 in San Francisco, California.

On December 19, 2019, the undersigned issued his decision dismissing the petition for insufficient proof. 2019 WL 7580149 (Fed. Cl. Spec. Mstr. Dec. 19, 2019). Petitioner filed his motion for review on January 21, 2020. Oral argument was held before Judge Horn at the Court of Federal Claims on April 28, 2020. On June 18, 2020, the Court issued its decision affirming the undersigned's decision dismissing the petition. 149 Fed. Cl. 448 (2020).

On December 21, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $219,937.20 and attorneys' costs of $129,727.28 for a total request of $349,664.58. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. On December 30, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on January 4, 2021, reiterating his belief that the requested fees and costs are reasonable.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent also has not challenged the reasonable basis of the claim. A final award of reasonable attorneys' fees and costs is therefore proper in this case. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

    A.    <u>Reasonable Hourly Rates</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, most of the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the hourly rates requested by petitioner for the work of his counsel at Maglio Christopher and Toale (the billing records indicate the majority of attorney work was performed by Ms. Danielle Strait, with supporting work from Ms. Jennifer Maglio, Mr. Isaiah Kalinowski, and Mr. Altom Maglio). The rates requested are consistent with what these individuals have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein. See, e.g., Becknell v. Sec'y of Health & Human Servs., No. 15-846V, 2020 WL 6151352 (Fed. Cl. Spec. Mstr. Sept. 22, 2020); Puckett v. Sec'y of Health & Human Servs., No. 17-1316V, 2020 WL 5407838 (Fed. Cl. Spec. Mstr. Aug. 28, 2020).

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and, on the whole, the billed hours are reasonable. One minor issue is that counsel and firm paralegals have occasionally billed for review of the same order, resulting in an excessive amount of time expended on their review. Another minor issue is that firm paralegals expended an excessive amount of time on the drafting of routine documents, such as motions for enlargement, notices of filing, and statements of completion. Considering the issues noted by the undersigned are involving paralegal hours, the undersigned shall reduce the total billed paralegal time by five percent. This results in a reduction of $1,161.33.

The vast majority of the attorney hours billed are reasonable considering the amount of work that was put into this case (e.g., obtaining multiple expert reports, preliminary settlement discussions, pre-hearing briefing, a three-day entitlement hearing necessitating two attorneys, and a motion for review to the Court of Federal Claims).

However, the amount of time expended to draft the motion for review (over 80 hours) is high. Petitioner's memorandum of law supporting his motion for review is 20 substantive pages.  Of these 20 pages, six are the introduction, a recitation of the facts of the case, which had previously been set forth in the parties' prehearing briefs and the entitlement decision, and the standard of review. Thus, approximately 14 pages reflect new analysis.  In the undersigned's experience, a reasonable amount of time to prepare this document is roughly half of what counsel (mostly Ms. Maglio with supporting work from Ms. Strait) has billed.  See Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719 (denying motion for review of decision reducing time spent on appellate work); see also Nunez v. Sec'y of Health & Human Servs., No. 14-863V, 2021 WL 3910605, at *2 (Fed. Cl. Spec. Mstr. Jul. 27, 2021) (special master noting over 65 hours on motion for review by the Court of Federal Claims as excessive); Spahn v. Sec'y of Health & Human Servs., No. 09-386V, 2019 WL 1503063, at *2 (Fed. Cl. Spec. Mstr. Mar. 1, 2019) (the undersigned finding 55.8 hours reasonable for a response to respondent's motion for review and supplemental briefing requested by the Court). By comparison, Ms. Maglio expended approximately 27 hours on the reply

brief, an 18-page document excluding signature blocks and table of contents/sources.[2] Accordingly, the undersigned will reduce the final award of fees by $17,000.00, representing approximately half of the time billed for the drafting of this motion. This is not intended to penalize petitioner for choosing to appeal the undersigned's decision denying compensation, nor is it meant as a commentary of the quality of petitioner's appeal briefs. But special masters can only award reasonable fees and petitioners should take care not to overbill on appeals work just as much as they would take care not to overbill on other case work.

Petitioner is therefore awarded final attorneys' fees of $201,775.87.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $129,727.28 in attorneys' costs. The majority of this amount is for work performed by petitioner's medical experts, Dr. Paul Utz ($71,324.25) and Dr. Lawrence Steinman ($39,500.00), with the remainder comprised of acquiring medical records and medical literature, postage, the Court's filing fee, travel costs to meet with petitioner, travel costs associated with the entitlement hearing, and the cost of obtaining a transcript of the entitlement hearing.

For the work of the medical experts, petitioner requests an hourly rate of $500.00 per hour for each. These rates are consistent with what the undersigned and other special masters have previously awarded Dr. Utz and Dr. Steinman for their Vaccine Program work. Peters v. Sec'y of Health & Human Servs., No., 2021 WL 4269915, at *3 (Fed. Cl. Spec. Mstr. Aug. 20, 2021); Woods v. Sec'y of Health & Human Servs., No, 16-1520V, 2020 WL 8509837, at *3 (Fed. Cl. Spec. Mstr. Dec. 7, 2020). Additionally, the undersigned has reviewed the billing invoices and finds the hours billed to be reasonable as well. The remainder of the

---

[2] Including the recitation of the facts and procedural history of the case (which could be drafted faster than other novel parts of the motion), petitioner's motion for review is twenty pages. This represents approximately 4 hours per page drafted. The reply brief was drafted at approximately 1.5 hours per page. While the undersigned is cognizant that time was necessary for Ms. Maglio to familiarize herself with the case, the substantial difference in time for the same attorney to draft two similar briefs suggests that the hours billed on the motion for review are excessive.

costs are reasonable and have been supported with the necessary documentation. Petitioner is therefore awarded the full amount of attorneys' costs requested.

D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$331,503.15** (representing $201,775.87 in attorneys' fees and $129,727.28 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Maglio Christopher & Toale, P.A.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.